UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SHAWN DAMEL KUDINGO,<br><br>    Plaintiff,<br><br> vs.<br><br>STATE OF SOUTH DAKOTA,<br><br>    Defendant. | 4:17-CR-40076-KES<br><br><br>ORDER DISMISSING NOTICE OF<br>REMOVAL WITH PREJUDICE |

On August 15, 2017, petitioner Shawn Damel Kudingo, a defendant in a criminal matter that is pending in Minnehaha County, South Dakota, filed a notice of removal. Docket 1. Kudingo seeks to remove this pending criminal matter to federal court. *Id.* Kudingo cites to 28 U.S.C. § 1455(b)(1) as the basis for removal. *Id.*

Section 1455 sets forth the *procedure* for removal of state criminal prosecutions to federal court. Removal is only permitted, however, if the *substantive* provisions of §§ 1442, 1442a or 1443 are met. Sections 1442 and 1442a govern criminal prosecutions against federal officers acting in furtherance of their official duties and against members of the armed forces. These sections do not apply to the present notice of removal.

The remaining provision, § 1443, also known as the civil rights removal statute, provides as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to

the district court of the United States for the district and division embracing the place wherein it is pending:

(1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

(2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443. Kudingo has not shown that the act of prosecuting him in state court violates his civil rights. As the United States Supreme Court has stated:

It is not enough to support removal under § 1443(1) to allege or show that the defendant's federal equal civil rights have been illegally and corruptly denied by state administrative officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court. . . . Under § 1443(1), the vindication of the defendant's federal rights is left to the state courts except in the rare situations where it can be clearly predicted by reason of the operation of a pervasive and explicit state or federal law that those rights will inevitably be denied by the very act of bringing the defendant to trial in the state court.

*City of Greenwood v. Peacock*, 384 U.S. 808, 827-28 (1966) (citations omitted). Kudingo's notice of removal makes no such allegation. In fact, his only allegation is that he is entitled to have this controversy determined by a national tribunal and he should have unimpaired access to federal court. As a result, Kudingo's notice of removal in the present case is facially invalid.

Additionally, even if Kudingo could meet the substantive requirements of removal, he has not met the procedural requirements because 28 U.S.C.

§ 1455(b)(1) requires the "notice of removal of a criminal prosecution to be filed not later than 30 days after the arraignment in the State court, or at any time before trial, whichever is earlier[.]" It appears from Dockets 1-9 and 1-10 that the arraignment occurred before April 25, 2017, which means that more than 100 days passed before Kudingo filed his notice of removal. While the court can extend the 30 day deadline for good cause shown, the court finds that no good cause has been shown here.

Thus, it is ORDERED that Kudingo's notice of removal (Docket 1) is dismissed with prejudice.

DATED this 23rd day of August, 2017.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE